**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-14-00683-001-PHX-DGC |
|---|---|
|         Plaintiff, | **ORDER** |
| v. | |
| Farah Isaac, | |
|         Defendant. | |

Defendant Farah Isaac is charged with failing to file a currency transaction report in violation of 31 U.S.C. §§ 5331(a) and 5324(b)(1). He has moved to suppress statements made during questioning, alleging that his *Miranda* rights were violated. Doc. 25. The Court will deny the motion.

Defendant's motion is based on the fact that he was given *Miranda* warnings upon his arrest at about 11:45 a.m., but was not questioned until four hours later. Defendant argues that he should have been given new warnings prior to the questioning. As the government notes, however, law enforcement officers are not required to repeat *Miranda* warnings simply because of the passage of time. *See United States v. Rodriguez-Preciado*, 399 F.3d 1118, 1127-28 (9th Cir.), amended, 416 F.3d 939 (9th Cir. 2005) (officers not required to re-advise the defendant of his *Miranda* rights before a second day of questioning, despite a 16 hour break, a change of one interrogator, and a change of location); *People of Guam v. Dela Pena*, 72 F.3d 767, 769 (9th Cir. 1995) (15 hour interval; "We hold that statements made by a defendant during custodial interrogation are

1   not rendered inadmissible simply because the police fail to repeat Miranda warnings

2   previously given to the defendant when he was not in custody.").

3   　　　　Defendant has not pointed to any circumstances which suggest the effectiveness of

4   his earlier *Miranda* warnings was diminished by the passage of four hours. *Rodriguez-*

5   *Preciado*, 399 F.3d at 1129. Defendant was held at a police station in a cell with water

6   and a toilet, and was questioned in an video-equipped room by two officers. Before the

7   questioning began, one of the officers said "you remember we read you your rights

8   before. Remember your rights?" Doc. 29 at 4. Defendant responded "yeah." *Id.* The

9   officers promptly terminated the questioning a few minutes later when Defendant

10  requested a lawyer. The Court finds nothing in these circumstances that warrants

11  suppression of statements made during the questioning.

12  　　　　**IT IS ORDERED** that Defendant's motion (Doc. 29) is **denied**.

13  　　　　Dated this 15th day of December, 2014.

14

15

16

17  _____

18  David G. Campbell
    United States District Judge

19

20

21

22

23

24

25

26

27

28